UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD JAMES MOUTON, | ) CASE NO. CV 15-9952-VBF (PJW) |
| Petitioner, | ) ORDER TO SHOW CAUSE WHY PETITION |
| v. | ) SHOULD NOT BE DISMISSED |
| D. PARAMO, | ) |
| Respondent. | ) |

    On December 21, 2015, Petitioner filed a Petition for Writ of Habeas Corpus, challenging a September 11, 2007 conviction for second degree robbery with gang and firearm allegations and resultant 16-year sentence. (Petition at 2.) Petitioner contends that his sentence is illegal, he entered a no contest plea based on "unintelligible" advice from his counsel, and he was denied the effective assistance of counsel. (Petition at 5-6.) For the following reasons, Petitioner is ordered to show cause why his Petition should not be dismissed because it is time-barred.

    State prisoners seeking to challenge their state convictions in federal habeas corpus proceedings are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d). Here, Petitioner's conviction became final on November 12, 2007--60 days after he was sentenced and

1  the time expired for him to file an appeal.[1]  *See Mendoza v. Carey*,
2  449 F.3d 1065, 1067 (9th Cir. 2006); *Lewis v. Mitchell*, 173 F. Supp.
3  2d 1057, 1060 (C.D. Cal. 2001).  Therefore, the statute of limitations
4  expired one year later, on November 12, 2008.  Petitioner, however,
5  did not file this Petition until December 21, 2015, more than seven
6  years after the deadline.[2]

7      IT IS THEREFORE ORDERED that, no later than **February 5, 2016,**
8  Petitioner shall inform the Court in writing why this case should not
9  be dismissed with prejudice because it is barred by the statute of
10 limitations.  Failure to timely file a response will result in a
11 recommendation that this case be dismissed.

12     DATED: January 5, 2016

                                    _____
                                    PATRICK J. WALSH
                                    UNITED STATES MAGISTRATE JUDGE

21 S:\PJW\Cases-State Habeas\MOUTON, E 9952\OSC dismiss pet.wpd

---

[1] Because the sixtieth day after he was sentenced was a Saturday, Petitioner had until Monday 12 November, 2007, to file the petition.  Fed. Rules of Civ. Pro. Rule 6(a).

[2] Petitioner failed to sign or date the Petition.  He did, however, sign and date the proof of service that he attached to the Petition, which date the Court assumes is the day he delivered the Petition for filing pursuant to the "mailbox rule" and, therefore, uses as the filing date.  *See Houston v. Lack*, 487 U.S. 266, 275-76 (1988).